IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
AT NASHVILLE

| | |
|---|---|
| SHERRI EMMERT, | ] |
| Plaintiff, | ] |
| vs. | ] Case No: |
| YATES SERVICES LLC., | ] JURY DEMAND |
| Defendant. | ] |

## COMPLAINT

Comes now the Plaintiff, Sherri Emmert, by and through counsel and for cause of action will respectfully show to the Court as follows:

### JURISDICTION & VENUE

1. This action involves the application of the Americans with Disabilities Act, as Amended ("ADA"), 42 U.S.C. § 12101, *et seq*.

2. This Court has jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. § 1331.

3. The claims asserted in this action arose in Rutherford County, Smyrna, Tennessee; therefore, proper venue for this action lies within the Middle District of Tennessee pursuant to 28 U.S.C. § 1391.

### ADMINISTRATIVE PREREQUISITE

4. Plaintiff has fulfilled all conditions precedent to the institution of this action under 42 U.S.C.A. § 2000e. A Notice of Right to Sue was issued on August 22, 2023 a true and correct copy of which is attached hereto as Exhibit A. Further, Defendant employs more than fifteen employees.

## PARTIES

5. Plaintiff, Sherri Emmert (hereinafter "Plaintiff" or "Ms. Emmert") is an adult female individual and citizen of the United States who resides in Murfreesboro, Tennessee.

6. At all relevant times, Ms. Emmert was an employee of Yates Services, LLC. (hereinafter "Defendant" or "Yates"), within the meaning of the Americans with Disabilities Act, as amended ("ADA"), 42 U.S.C. § 12101, *et seq.*

7. Defendant is a domestic limited liability company or similar business entity and regularly conducts business at 983 Nissan Drive, P.O. BOX 887, Smyrna, TN 37167.

8. At all relevant times, Defendant engaged in commerce or in an industry or activity affecting commerce and employed fifteen (15) or more employees for each working day during each of twenty (20) or more calendar workweeks in the current or preceding calendar year pursuant to 42 U.S.C. § 12101, the Americans with Disabilities Act.

## FACTUAL ALLEGATIONS

9. Defendant, Yates, hired Ms. Emmert around December 2019.

10. Ms. Emmert worked as a Picker/Kitter at Yates until approximately November 23, 2022.

11. Ms. Emmert's job duties included automotive assembly line tasks including standing and substituting auto parts.

12. Throughout her employment, Ms. Emmert performed all of her duties successfully and never received any discipline or performance criticisms.

13. On May 5, 2021, Ms. Emmert injured her back while at work.

14. Ms. Emmert's injury required surgery.

15. Pending surgery, Ms. Emmert remained on a Worker's Compensation leave of absence.

16. After her surgery, on July 11, 2022, Ms. Emmert returned to work without any restrictions.

17. Soon after returning, Ms. Emmert's back pain increased and required additional more rigorous physical therapy.

18. Beginning July 19, 2022, Ms. Emmert took a brief leave of absence in order to receive intensive physical therapy to prepare her to perform her job duties.

19. Ms. Emmert remained under her physician's and surgeon's care and returned to work on August 9, 2022.

20. Upon returning to work in August 2022, Ms. Emmert advised Defendant of her disability and that her doctor advised her to take intermittent, short breaks as needed for pain.

21. In its unmitigated form, Ms. Emmert's back condition substantially limited the major life of activities bending, stooping, twisting, and working.

22. A case worker employed by Defendant, informed Ms. Emmert her accommodation would not be an issue.

23. Taking intermittent, short breaks would not interfere with any of Ms. Emmert's essential job duties.

24. Defendant did not allow Ms. Emmert to take any breaks for pain.

25. On November 8, 2022, Ms. Emmert's physician released her from his care.

26. On November 9, 2022, Ms. Emmert returned to work and once again requested intermittent, short breaks as needed for pain.

27. Defendant ostensibly approved Ms. Emmert's accommodation of breaks as needed for pain.

28. That same day, Defendant terminated Ms. Emmert.

29. Defendant did not provide a reason for termination.

30. Defendant informed Ms. Emmert that she could reapply after one year.

31. Defendant terminated Ms. Emmert in violation of the Americans with Disabilities Act.

32. Any reason stated by Defendant is pretext.

33. Plaintiff was terminated based on her disability and/or perceived disability.

## COUNT I – VIOLATIONS OF AMERICANS WITH DISABILTIES ACT (DISABILITY DISCRIMINATION, RETALIATION, FAILURE TO ENGAGE IN THE INTERACTIVE PROCESS, & FAILURE TO ACCOMMODATE)

34. Plaintiff re-alleges and incorporates herein the foregoing paragraphs.

35. Plaintiff was a qualified individual with a disability and/or perceived as an individual with a disability.

36. Plaintiff was disabled in that she had an impairment which substantially limited one or more major life activities and/or major bodily functions.

37. Defendant discriminated against Plaintiff on the basis of her disability in violation of the ADA, 42 U.S.C. § 12112, *et. seq*.

38. Plaintiff could perform the essential functions of her job with or without reasonable accommodation.

39. Defendant was aware of Plaintiff's disability.

40. Defendant failed to engage in the interactive process with Plaintiff.

41. Defendant failed to provide Plaintiff with reasonable accommodations.

42. Defendant retaliated against Plaintiff because she engaged in protected activity under the ADA.

43. As a direct and proximate result of Defendant's unlawful acts, Plaintiff suffered and continues to suffer emotional pain, suffering, professional and personal embarrassment, humiliation, loss of enjoyment of life, inconvenience and lost earnings and benefits.

44. As a result, Plaintiff is entitled to recover her damages, including lost wages and

benefits, compensatory and punitive damages, attorneys' fees, costs, interest, reinstatement or front pay and benefits, and any other legal and equitable relief to which she may be entitled.

**WHEREFORE**, Plaintiff respectfully asks the Court:

(1) That a trial by jury be held on all triable issues;

(2) Judgement in favor of Plaintiff and against Defendant on all Counts in this action;

(3) Declaratory judgment that the practices complained of are unlawful and void, and injunctive relief prohibiting the Defendant from again violating the law in the manner described herein;

(4) Back pay, benefits, and other appropriate economic damages;

(5) Front pay;

(6) Compensatory damages for emotional distress, humiliation, and pain and suffering, and/or appropriate compensatory damages to the maximum allowed under the ADAAA.

(7) Punitive damages;

(8) All reasonable attorney's fees, costs and expenses;

(9) Pre-judgment interest and, if applicable, post-judgment interest;

(10) Tax offset for the increased tax liability of the back pay award; and

(11) Such other legal or equitable relief as may be appropriate or to which she may be entitled.

**THE EMPLOYMENT & CONSUMER LAW GROUP**

**/s/ LAUREN IRWIN**
**BRANDON HALL, BPR No. 034027**
**LAUREN IRWIN, BPR No. 038433**
**EMILY COSTANZO, BPR No. 041447**
1720 West End Ave, Suite 402

Nashville, TN 37203
(615) 850-0632
bhall@eclaw.com
lauren@eclaw.com
emily@eclaw.com

*Attorney for Plaintiff*